UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA LUBAWAY,

      Plaintiff,	Hon. Paul L. Maloney

v.	Case No. 1:20-cv-299

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining

whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

On February 8, 2013, Plaintiff, then 23 years of age, applied for Supplemental Security Income (SSI) benefits. (ECF No. 8-3, PageID.109). In a decision dated May 30, 2014, ALJ Paul Jones determined that Plaintiff qualified for disability benefits beginning March 21, 2012. (*Id.*, PageID.103-09). Specifically, the ALJ

found that Plaintiff "has the ability to concentrate only 75% of a work day," which appears to have been the determining factor in finding Plaintiff disabled. (*Id.*).

Three years later, on May 26, 2017, Plaintiff filed a claim for Disability Insurance Benefits (DIB),[1] alleging that she was disabled beginning April 30, 2007. (ECF No. 8-5, PageID.202-08). Plaintiff successfully completed high school, but has no past relevant work experience. (ECF No. 8-2, PageID.55, 74-75). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 8-3, 8-4, PageID.111-200). Following an administrative hearing, ALJ James Kent, in an opinion dated March 25, 2019, determined that Plaintiff did not qualify for benefits. (ECF No. 8-2, PageID.48-57, 63-93). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.34-38). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

---

[1] Generally, a claimant seeking Disability Insurance Benefits (DIB) must have worked long enough to attain "insured status." There exists a provision in Social Security law, however, that permits an adult child to seek DIB based upon the insured status of one of her parents. *See, e.g., Pasiak v. Commissioner of Social Security*, 800 Fed. Appx. 301, 302-03 (6th Cir., Dec. 9, 2019); *Sibotean v. Commissioner of Social Security*, 2013 WL 588927 at *2 (W.D. Mich., Feb. 13, 2013). This is the provision under which Plaintiff seeks benefits. (ECF No. 8-2, PageID.48-49). To obtain benefits under this provision, Plaintiff must establish that she qualified for benefits prior to attaining age 22.

As noted above, Plaintiff has already been found disabled beginning March 21, 2012, going forward. Thus, the only question raised by the present action is whether Plaintiff qualifies for benefits between her alleged onset date of April 30, 2007, and May 8, 2011, the day before she turned 22 years of age. (ECF No. 8-2, PageID.48).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is

determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that prior to attaining age 22, Plaintiff suffered from: (1) congestive heart failure; (2) migraine headaches; (3) autism spectrum disorder; (4) anxiety disorder; and (5) depressive disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.51-52).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can only occasionally climb ladders, ropes, or scaffolds; (2) she can frequently perform other postural movements; (3) she is limited to simple, routine, and repetitive work, isolated from the public with only occasional contact with co-workers and supervisors; (4) she can tolerate few if any changes in the work setting; and (5) cannot perform production rate pace work. (PageID.52).

The ALJ found that Plaintiff had no past relevant work experience, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 90,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (ECF No. 8-2, PageID.89-93). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I.   Plaintiff's RFC

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

The ALJ concluded that Plaintiff can perform a limited range of light work. Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because it "did not include all Plaintiff's established limitations." Much of Plaintiff's argument is simply that the ALJ should have weighed the evidence differently, which is not a basis for relief. With respect to Plaintiff's auditory processing disorder, however, the Court agrees that the ALJ's decision falls short.

A June 14, 2006, evaluation concluded that Plaintiff suffered from auditory processing disorder. (ECF No. 8-8, PageID.336-41). As a result, Plaintiff experienced: (1) "sound sensitivity"; (2) "trouble hearing in noise"; (3) need for spoken things to be repeated; (4) poor auditory memory; (5) distractibility; and (6) difficulty with multi-step directions. (*Id.*, PageID.340). Treatment notes from 2011 and 2012 indicate that Plaintiff continues to experience "significant challenges" due to "auditory hypersensitivity." (ECF No. 8-14, PageID.726-27). As a result, Plaintiff requires "environmental modifications in all settings in order to function effectively." (*Id.*, PageID.727). It was further noted that, while Plaintiff "has been treated for this condition[,] it remains a serious functional problem for her" and causes her to experience "daily headaches that can progress to migraines." (*Id.*).

The ALJ does not appear to have seriously considered that Plaintiff suffers from an auditory-related impairment. The ALJ did not identify as severe, at Step II, any auditory-related impairment. While the ALJ acknowledged that Plaintiff considers her auditory impairment to be her "worse problem," the ALJ did not address the matter in any meaningful way. (ECF No. 8-2 PageID.53). Instead, the ALJ acknowledged Plaintiff's testimony, and then appeared to discount such by noting that Plaintiff could lift ten pounds, walk one mile, sit for an unlimited amount of time, use a ladder, and care for her dog. (*Id.*). The Court fails to discern the connection between these activities and Plaintiff's auditory-related impairments.

Simply put, the ALJ's RFC assessment fails to adequately account for Plaintiff's auditory processing disorder and the limitations imposed by such. Specifically, while the ALJ's RFC limits Plaintiff's personal interaction on the job, it fails to address or consider Plaintiff's apparent need for "environmental modifications" to accommodate or account for her auditory-related limitations. Accordingly, the undersigned finds that the ALJ's RFC assessment is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

## II.    Remand is Appropriate

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also, Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes which

-8-

this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                              Respectfully submitted,

Date: March 17, 2021                    /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge